The first case on the calendar is Allen Quinones v. City of Binghampton. I shall begin, Your Honor. Good morning, Mr. Benjamin. Good morning, Your Honor. May it please the court. I'd like to begin by addressing the first 1981 claim by asserting that the complaint may be unoptimally drafted but clearly sets forth a viable factual predicate for a 1981 action with the 1981 being mentioned in the first paragraph of the complaint and not again. The best evidence of the defendants being on notice of the claim is when Judge Sharp says that the defendants understandably but unnecessarily have answered the or addressed all of the issues in the 1981 action. I submit that the only authority that Judge Sharp cites to support this claim is his decision in Towner which is simply not on point in any way. In Towner what you had was defense counsel in a prisoner of rights case arguing for qualified immunity and I think we're trying to be cute and start discussing the movie Pulp Fiction without mentioning it so the judge wouldn't hear the argument regarding Mr. Benjamin. You after the motion to dismiss was made by defendants you didn't respond on the discrimination 1981 claim in your opposition is that right? No that is not right. That's not right? Just all of those arguments you know that's something that's in a Pelley's brief which is a departure from reality of what went on. Why don't you just tell us how and when you did respond? Well if you look at page 10 9 and 10 of the Pelley's brief they set forth arguments that we were making that I submitted to the court. I addressed in multiple arguments which I can quote brief and read addressing the 1981. Well where where in the in the record in below in your opposition to defendant's motion to dismiss did you address the 1981 claim? Because as I understand it that's the argument they're making is that this was waived by virtue of your not raising it in that brief. I addressed it in the brief that we submitted to the court. The court took this on submission so there was no oral argument available to address it and therefore you know the brief would be the only other place it would be argued and we did argue it. Argument one has a heading of defendants contention plaintiffs allegations regarding failure to promote or barred by the statute of limitations that only addresses the 1981 action. There were no issues with respect to the 1983 action because that was brought on contemporaneous events as they unfolded over the summer of 2019. Did you move to amend counsel? Did you move to amend your complaint? No and the reason I did not move to amend was the only thing that I could put in a motion to amend was your honor we want to move the language in 1983 from the first paragraph of the complaint to paragraph 24 and then I think I would have gotten from Judge Sharp you could have done that in the first time motion denied. And actually most of the allegations of the complaint relate to Mr. Quinonez being discriminated against because he was Hispanic isn't that correct? With respect to the 1981 correct correct yes so that I mean if we go to the and you tell me what what argument you made in the brief addressed to 1981 other than to the statute of limitations. Second argument says plaintiff has set forth sufficient facts to demonstrate a plausible claim for failure to promote based on his Hispanic heritage. Again this is only 1981 has nothing to do with 1983. And did and did you cite and did you cite the allegations that according to you sufficiently alleged? Well yes. Other than just saying it's okay I did it I mean you have to you have to do more than that. No I argued the thing in the brief I went the first the element in the first instance by the allegation plaintiff is most qualified and I said paragraph. I'm sorry could you counsel could you tell us where you're where you're reading from in the is it in the appendix? I'm reading from the brief that we submitted to the district court in opposition to the motion to dismiss. Now I don't know that that's in the appendix it's in the record so but that's okay we'll take a look. So in any way I argued these to the best and in detail based on an ability to have oral argument that was where the arguments were made so that there's no argument there shouldn't be any argument that I failed to raise these is below. However assuming that to be the case this court clearly it's not a jurisdictional issue this court has jurisdiction to exercise its discretion it's a prudential issue here I think it would be a manifest injustice if the complaint were dismissed even though it sets forth a viable 1983 claim and you know I'd like to turn to the 19 I mean by 1981 claim I'd like to turn to the 1983 claim now and point out that Pelley does the same thing in their brief that Judge Sharp did in his decision which is to make note that yes Patrolman Hammond filed a discrimination complaint in July of 2019 and then he jumps right over to the affidavit of October of 2019 and then comes to the conclusion you issued you demonstrated no retaliatory measures taken after October which therefore you don't make your causal connection when in fact what happened and what is set forth in the complaint in detail is that in July of 2019 at some meeting it was learned by the chief that appellant here was supporting the Hammond discrimination claim and then a series I'm sorry could you explain the chronology again I thought that that meeting was in July and the affidavit was in October so that doesn't that predate the how can you have retaliation before the act you can have retaliation because the chief learned Chief Zukoski learned that in a meeting that occurred July 19th with the personnel director and corporation council actually that Lieutenant Quinone was supporting Officer Hammond's complaint told them he believed that Hammond was the victim of race discrimination and I believe he also told them that in fact the chief had admitted to him that indeed the reason that Hammond did not get the promotion and that promotion assignment to detective was because Chief Ryan did not want any blacks on the detective division so it was a preemptive retaliatory strike is that the theory it's not the chief learned what Quinonez had done then a series of retaliatory measures occurred do you mean had done what had he done at that time what he had done was he spoke to the assistant the corporation council and personnel director that was on July 19th that is what triggered the retaliation or even a couple of days before that there was word that the chief has said Lieutenant Quinonez and Officer Hardy another one that supported Hammond their careers are done that's what triggered Quinonez to go to personnel in the first place and that's what triggered the retaliatory measures that were taken the affidavit is irrelevant to the 1983 action except as a course of continuing efforts to retaliate that was it was all going on there counsel your time has expired but I want to ask you a question what action was taken against Mr Quinonez if any that reached the prong of being able to bring a lawsuit what action was taken against him well number one when he instructed a subordinate officer to simply advise him who refused to do so he filed or wanted to file disciplinary action against her turns out that not only would the chief not recognize any disciplinary action against her for failing to follow the order of a supervisor then they turned around the chief turned around and filed a disciplinary action against Quinonez alleging he failed to attend the comp stat meeting those are both either one of those are going to be a sufficient retaliatory measure under the law in this circuit with regard to actions taken for speaking out on matters of public concern join the meeting pardon in addition to that they tried to take him off a road patrol remove him from his position as desk lieutenant there were multiple acts that were alleged to have occurred between july and october that was ongoing retaliation based on his statements of supporting hammond in july july 19th I think I'm not sure if the data set forth in the complaint or not but that's when the matters of public concern so to speak were made and the retaliation followed swiftly in a matter of weeks and all right counsel thank you you have reserved two minutes for rebuttal we'll hear from the city of binghamton good morning your honors may it please the court counsel my name is shannon o'connor of goldberg segala and i represent the city of binghamton mayor richard davey chief uh zakowski and assistant chief john ryan the defendant's appellees in this matter the city defendants request that this court affirm the decision and order dismissing lieutenant alan quinonez appellant's complaint in its entirety with prejudice and the final judgment entered in favor of all defendants on august 11 20 council council where are the parties aware that mr quinones was claiming discrimination because of his hispanic heritage weren't they aware in the complaint that that you're yeah go on i'm sorry i'm sorry for the time delay i didn't know if you're finished i know it's all good go on your honor the the interesting issue i think presented for this court is procedurally how to address some of the um areas raised so if you think about it we have three options and i am going to answer your question but it's like procedurally here we can one affirm on the grounds that that uh judge uh sharp issued then remand potentially on a very narrow issue because he did not address the section 1981 claims even though defendants briefed it because as council for the city you know we were trying to cover all the bases section 1981 was mentioned one time in the statute one time in the preliminary statement but the interesting thing here is that mr quinones is actually represented by council so the pleading standards of pushing a complaint over the plausibility standard of 12 12 b6 is not the same as sort of searching the record or council let's so in in addition to to including the number uh 1981 many of the allegations uh uh thereupon discrimination against mr quinones uh for on the ground of hispanic heritage so i mean you the number doesn't have to appear twice for you to know that it's there and it's not buried in a huge rambling um uh complaint it's only like 10 or 11 pages so weren't you aware that he's that he was claiming a 1981 violation and weren't you aware that the many of the allegations contained in the complaint had bearing upon that that that uh claim your honor the issue of being aware is separate and apart as to whether or not the plausibility standard under 12 b6 is met mr benjamin relies on this notice pleading and the case of sorma um but he conflates multiple things in doing that so he conflates rule 8 notice pleading with the notion of rule 12 b6 plausibility and then he also includes this notion of mcdonnell douglas which is an evidentiary standard the really the issue here is even though even though he includes it in that statute he is represented by council and he only lists one cause of action first cause of action section 1983 first amendment retaliation so out of the abundance of caution of course i'm going to brief it that's why my point to yourself um judge jacobs was simply that even though he puts it in there even though he puts it in there procedurally here what is the option for this court to do to then address that well just doesn't put it in there he lists all the different discriminatory behaviors from which he was by which he suffered but the problem with that position is that he does not actually show that anything changed his condition if you think about it and you read the complaint closely you see that he's a current employee of the binghamton police department he was promoted twice from sergeant to lieutenant and over the course of four years not that long amount of time he was not disciplined even after being called well now you're arguing the merits which is sort of a different point um could i ask you about the the briefing um mr benjamin represented that it was in fact addressed in the opposition and i thought you had um argued in in your brief to us that um it was waived by virtue of his not doing that and i'm just not clear which it is of course your honor mr benjamin addressed some of the issues on uh the race discrimination section 1981 in his opposition brief not all of them so he actual allegations that judge puller were raising all occurred before the the statute of limitations time frame if you read the complaint again 2014 is even when he worked under assistant chief um current assistant chief john ryan so he did raise the issue of statute of limitations but the he did not cite to anything in relation to what portions of the complaint satisfy those those positions now the failure to promote claim he did also address that in his opposition and in the lower court it is docket number eight judge park just that was so you know where you can locate it thank you and he did address that um in his opposition he did not address some of the other claims arguing that he needed more discovery related to the hostile work environment and some of those other issues so i think that if you're going to just make that determination again because we're talking about it not so much on the merits but on the face of the complaint and the plausibility standard the question in my mind then is he asked that you reinstate a defective complaint what procedurally can a court at an institution do to reinstate the complaint that's not available we could direct that this dismissal is without prejudice that is an option but i think that the part that's more important is that the parties have already briefed this and that judge sharp's decision related specifically to the october 23rd 2019 different um affidavit is sound that's based on sound law you have to an adverse action after engaging in some form of protected activity that is sound that should be affirmed if you want to remand and ask the court so affirm part one remand and ask the court to address the issues that were already briefed limited to what was already briefed because city the city does not dispute that those issues were raised in the papers but the city should not be put in a position that there's additional briefing down below or prejudice because judge sharp chose to rely on only one area to dismiss and enter judgment because it seems to me that the plaintiff could be allowed to file a an amended complaint that makes more evident his 1981 issues isn't that a possibility for the relief that we could grant well i think the problem with that is thinking about what that means long term there was a judgment entered here so really the proper procedural aspects down below really would have been for plaintiff first to move to have that judgment set aside under federal rule civil procedure 59 or to seek motion for reconsideration under federal rule 60 b before seeking leave to file amended complaint so we're jumping over a lot of procedural steps that i do believe are best served for the district court as opposed to this court allowing a represented party on appeal for to ask for puts it in the position of where defense counsel or even this court then becomes an advocate for the plaintiff we are then it's i i think you're effectively arguing uh that uh that it's this complaint or or none and that he has to allege a sufficient um retaliation um after the july 19 correct yes he alleges in the complaint that um that uh mr uh zuckowski met with uh with various patrol officers to create what he calls scenarios that were designed to embarrass him or to uh to cause him to be subject to discipline and he alleges that he that he was charged with from a comp stat meeting he's implying or alleging that that was that was just a way of punishing him for complaining about the insubordination of uh of um of of a um of an officer who refused to perform her responsibilities of identifying callers and he then he said even he's number one on the captain's list he he didn't get the job um then he then he also alleges he was put on road patrol i mean i uh you i don't know whether these things are sufficient or whether they um create plausibility but they're not nothing your honor it's not so much that it's not nothing but when you actually read and that's the city's position but when you read those allegations closely a chief merely meeting with patrol officers that does not change or create an adverse condition right because nothing came of that notably when he talks about the woman i'm sorry you said nothing came of that but if they got together to try to see how they can embarrass him or um or or get him to lose his job i think that's a retaliatory act even if nothing came of it your honor because it because it's an effort toward what ultimately happened which is he says that he did not get a a promotion um or reassignment to detective whatever that he was entitled to the problem with that position your honor is twofold first he again this is why the the face of the complaint is defective and that's somewhat getting into the merits he doesn't allege a conspiracy claim so then now i'm supposed to understand that to be a conspiracy claim second and interestingly with this he only alleges things that are prospective perhaps opening him to discipline create scenarios that could could not that it did happen and interestingly when you take a look at what he's talking about with a patrol officer teresa johnson which is i think believe it's in paragraph 38 she is a patrol officer a sworn woman patrol officer and he tried to level charges of insubordination because he did she didn't act as his secretary i'd be here on another case if my client you know had to deal with a patrol officer telling her that she had to act as a secretary i don't mean to diminish that but that's not an action that's counsel that's a question of fact but you're talking about you're going to the marriage the question is did he allege enough to create a feeling to create the presumption that he was uh discriminated against because of his hispanic heritage that's for us to decide i your honor and i was merely responding to judge jacob's question which i do believe started to get into the marriage but i think that your point judge moore pooler is this it are those allegations sufficient to push it over a plausibility standard correct and my position and the city's position is that it is not because implicit in this when you judge sharp's decision is that even taking those um those acts as potential adverse actions the facts as alleged on the face of the complaints do not show that any of them came to be that they were actually facts there was no connection to then infer even drawing all inferences in his favor that those things were anything more than conclusions well what about not what about non-promotion i mean your your your point is fairly taken that that uh people getting together to try to see if we can't come up with something to annoy him uh doesn't doesn't rise too much at all but what what about the the failure to to promote him well the interesting thing about that claim your honor is that the he still holds the lieutenant position he's on the captain's list and he doesn't even note that he applied for a captain's position one in which that was open and those were the arguments that we made down below related to the section 1981 claim you can't say to like the interesting thing about his brief he says that you know lieutenant alan quinones should be given a fair opportunity for a captain position but one needs to be open i would without question agree with that that anybody should be given a fair and equal opportunity for promotion but there was but has to be open and apply for that and as council for the city i would vehemently tell them that um regardless of that thank you council i think we'll uh hear from mr benjamin for two minutes council yes your honor a couple quick things first of all not only was there an i want to really stress that to suggest there's no harm on the discrimination based on hispanic origin when you have a lieutenant who served with distinction in afghanistan being told by a captain hey ricky ricardo you know you're pretty good at jumping fences and all kinds of remarks that are derogatory and related to you know these spics know how to jump fences and and so on but he did suffer all of that number two the reality is that if a subordinate does not follow in a paramilitary organization the orders of a supervisor that is not just embarrassing that makes the supervisor's position impossible to carry out and that is exactly what was told by the chief no the chief then brought a disciplinary proceeding against him that went nowhere because it was so bogus but those actions were taken he had to go through them and i think that one of the cases we cite in our brief is that even a change in shift if you have a mother that did occur that are adverse actions that were taken very timely with respect to after he had the july 19th meeting and openly stated he was supporting hammond's race discrimination claim and that in fact the chief acknowledged to him that there was racist comments made that ryan did not want hammond because he was black so that we have actual events that occurred that he was subjected to and judge sharp just glossed over them like they never happened he went right to the affidavit maybe because of that lane case which says that clearly if you have an affirmation uh you're acting as a private citizen and so on i think we have a viable 1983 action there was there should be no reason to amend it but we certainly can amplify it but that should be done in discovery which was another of the arguments that i made below on the 1981 action so i addressed that action in three or four different arguments is it so you you are seeking leave to you you're seeking to leave to amend on appeal but only only after you get discovery in the district court i'm not seeking leave to amend anything i'm seeking a decision that we have a viable 1981 action there was no basis to treat the action as non-existent because i didn't have 1981 in the right section and that the 1983 action as it stands right now is viable and i don't need to amend it and under the standard in this circuit i think it pleads a viable claim thank you counsel thank you both we'll reserve decisions thank you thank you have a good day